UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RICHARD BUDYRK, on behalf of
himself and those similarly situated,

CASE NO.:

Plaintiff,

v.

CONSOLIDATED CREDIT COUNSELING SERVICES, INC.
A Florida Corporation and HOWARD DVORKIN,
Individually,

Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD BUDYRK, ("BUDYRK" or "Plaintiff"), on behalf of himself and those similarly situated, by and through undersigned counsel, files this Complaint against Defendants, CONSOLIDATED CREDIT COUNSELING SERVICES, INC. ("CONSOLIDATED") a Florida Profit Corporation, and HOWARD DVORKIN, individually (" DVORKIN") (collectively "Defendants") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, illegal deductions and an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs on behalf of Plaintiff Richard Budyrk and all others similarly situated who were formerly or are currently employed as debt consultants by Defendants.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C.

§216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Broward County, Florida.

5. At all times material hereto, CONSOLIDATED was and continues to be a Florida Profit Corporation. Further, at all times material hereto, CONSOLIDATED was and continues to be engaged in business in Florida, with its principal place of business in Broward County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, DVORKIN was, and continues to be, a resident of Broward County, Florida.

8. At all times material hereto, DVORKIN operated CONSOLIDATED.

9. At all times material hereto, DVORKIN regularly held and/or exercised the authority to hire and fire employees of CONSOLIDATED.

10. At all times material hereto, DVORKIN regularly held and/or exercised the authority to determine the work schedules for the employees of CONSOLIDATED.

11. At all times material hereto, DVORKIN regularly held and/or exercised the authority control the finances and operations of CONSOLIDATED.

12. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of CONSOLIDATED ; (b) determine the work schedules for the employees of

2

CONSOLIDATED ; and (c) control the finances and operations of CONSOLIDATED , DVORKIN is an employer as defined by 29 U.S.C. 201 *et. seq.*

13. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

14. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

15. At all times material hereto, CONSOLIDATED was, and continues to be, "an enterprise engaged in commerce," within the meaning of FLSA.

16. Specifically, Defendant had two (2) or more employees selling credit card related services and products, for compensation or that have been moved in or produced for commerce.

17. At all times material hereto, Defendants accepted and processed payments from customers and others, which were drawn on out-of-state bank accounts.

18. At all times material hereto, CONSOLIDATED was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

19. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

20. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

21. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. On or about January 2012, Defendants' hired Plaintiff to work as a non-exempt debt consultant.

24. At various material times hereto, Plaintiff was at all times, a covered non-exempt employee who regularly worked for Defendants in excess of forty (40) hours within a work week without receiving the proper overtime compensation.

25. From at least January 2012, and continuing through November 28, 2014, Defendants' failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Specifically, Defendants' would pay Plaintiff and other debt consultant's a flat fee rate of $40 per *approved* debt settlement plan processed. Plaintiff and those similarity situated debt consultants', were required to work a minimum of 12 hours per day, but were expected to work as many hours as necessary, sometimes, 14-16 hours, 7 days a week. They were also looked down upon for leaving for lunch breaks. Defendants' would punish them by giving calls to other debt consultants that ate at their desk during lunch to continue taking calls.

26. Defendants' were also illegally deducting PTO(paid time off) time from their employees' to cover for any missed days from work. For example, Defendants' told employees that they were going to take PTO time from their paychecks and hold it in a "bank" and when they requested a day off or time off, they would release the money to them. Plaintiff never received a paystub to determine how much money was being taken out and when Plaintiff would question this policy, he would be told that he would have to speak with someone else in the company, which never happened.

27. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's

regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

28. Defendants have violated Title 29 U.S.C. §§ 206 and 207 from January 2012, and continuing through November 28, 2014, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

29. Plaintiff has retained the law firm of CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

30. Plaintiff re-alleges and reavers paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31. From March of 2013 through May 2014, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

32. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

33. At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

34. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

35. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

37. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs bring the FLSA claim, as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b). In addition to the claims of the individually named Plaintiff, Plaintiff brings this action as representatives of all similarly situated former and current employees of the Defendants. The potential class of "opt-in" employees can be defined as:

> *All current and former Debt Consultants paid under a compensation system where they were not compensated for all hours worked and related overtime at the rate of time and one- half for all hours worked over forty (40).*

FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations. Defendants' practice of failing to accurately record all hours worked, practice of miscalculating the overtime rates in weeks where bonuses were paid, and failing to pay employees overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action. Potential collective action members may be informed of the pendency of this class action through direct mail and office posting. Plaintiff believe 900 plus current and former debt consultants may have been affected. There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

   a. Whether Plaintiffs were compensated for all hours worked;

   b. Whether Plaintiffs worked more than forty hours per week;

   c. Whether Plaintiffs were compensated time and one half their "regular rate" for all hours worked over forty in any and all weeks;

   d. Whether Defendant's practices accurately account for the time Plaintiffs actually are working;

   e. Whether Defendants' compensation policy and practice is illegal; and,

   f. Whether Defendant had a policy and practice of willfully failing to record and compensate employees for overtime;

   and

The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests. The Collective Action Representatives are adequate representatives of similarly situated current and former employees because they are employees of the same entity and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex collective action lawsuits. Furthermore, employees are interchangeable as production needs dictate and as a result they are all similar regardless of title or supervisor. Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial

and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

**WHEREFORE**, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a. At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Honda employees, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive proper overtime for hours worked in excess of 40 in a week.

b. Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees' damages in the form of reimbursement for unpaid premium overtime wages (past and future) for all time spent in excess of 40 hours per week performing compensable work for which they were not paid pursuant to the rate provided by the FLSA; c. Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

c. Issue and Order directing Defendant to reimburse Plaintiffs and

d. other similarly situated employees for the costs and attorneys' fees expended

e. in the course of litigating this action, pre-judgment and post-judgment

f. interest;

g. Provide Plaintiffs with such other and further relief, as the

h. Court deems just and equitable.

39. WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a) For compensatory damages;

b) For pre-judgment interest;

c) For post-judgment interest;

d)   For costs of suit; and

e)   Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: April 14, 2015

Respectfully submitted,

CELLER LEGAL, P.A.
7450 Griffin Road
Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **richard@floridaovertimelawyer.com**

By: _____
Richard B. Celler, Esq.
FBN : 0173370
