IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 15-CV-60793

RICHARD BUDRYK, on behalf of
himself and those similarly situated,

        Plaintiff,

vs.

CONSOLIDATED CREDIT COUNSELING
SERVICES, INC., a Florida Corporation and
HOWARD DVORKIN, individually,

        Defendants.
_____/

## DEFENDANTS' ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, Consolidated Credit Counseling Services, Inc. ("Consolidated Credit") and Howard Dvorkin ("Dvorkin") (collectively, "Defendants"), hereby respond to the allegations contained in Plaintiff's Complaint (the "Complaint") according to its numbered paragraphs as follows:

    1.    Defendants admit only that Plaintiff purports to bring a cause of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., but deny that there is any legal or factual basis for the claims.

    2.    Paragraph 2 sets forth a legal conclusion to which no response is required.

    3.    Paragraph 3 sets forth a legal conclusion to which no response is required.

## **PARTIES**

4.     Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 4 and therefore deny same.

5.     Denied.  Consolidated Credit is a Florida Not-For-Profit Corporation.

6.     Paragraph 6 sets forth a legal conclusion to which no response is required.

7.     Admitted.

8.     Denied.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Admitted.

14.    Admitted to the extent that Defendant Consolidated Credit was an "employer" within the meaning of the FLSA.  Otherwise, denied.

15.    Paragraph 15 sets forth a legal conclusion to which no response is required.

16.    Admitted to the extent that Defendant Consolidated Credit had two (2) or more employees who sold services and/or products for compensation. Otherwise, denied.

17.    Admitted to the extent that Defendant Consolidated Credit accepted and processed payments from customers that may have been drawn on out-of-state bank accounts. Otherwise, denied.

18.    Paragraph 18 sets forth a legal conclusion to which no response is required.

19.    Admitted.

20.    Paragraph 20 sets forth a legal conclusion to which no response is required.

21. Paragraph 21 sets forth a legal conclusion to which no response is required.

22. Denied as written without a definition of the term "directly essential."

## STATEMENT OF FACTS

23. Admitted that Plaintiff was hired to work for Defendant Consolidated Credit as a non-exempt employee on or about January 2012. Defendants deny the remaining allegations as stated, and further deny that there is any legal or factual basis for Plaintiff's claims.

24. Denied, except admit that Plaintiff was a non-exempt employee of Defendant Consolidated Credit.

25. Denied.

26. Denied.

27. Denied, except admit that Plaintiff was entitled to be paid, and was paid, at a rate of one and one-half times Plaintiff's regular hourly rate for those hours worked in excess of 40 per week.

28. Defendants deny the allegations contained in Paragraph 28, including all subparts contained therein.

29. Defendants are presently without sufficient information to admit or deny the allegations in Paragraph 29 and therefore deny same.

## RESPONSE TO COUNT I

30. Defendants re-allege and reaver paragraphs 1 through 29 as if fully set forth herein.

31. Denied.

32. Admitted, except denies that Plaintiff was not paid the appropriate statutory overtime rate for all hours worked in excess of 40 per week.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COLLECTIVE ACTION ALLEGATIONS

38. 29 U.S.C. § 216(b) speaks for itself and no response is therefore required. Further, Paragraph 38 contains no factual allegations that would necessitate a response from Defendants. To the extent Paragraph 38 contains factual allegations, Defendants deny the allegations and further deny that there is any legal or factual basis for Plaintiff's claims with regard to himself or any putative collective action members of whom he seeks to represent. Defendants further deny that a collective action is appropriate, warranted or even lawful in this case.

Defendants deny the Plaintiff is entitled to any of the relief set forth in the "WHEREFORE" clause following paragraph 38 of the Complaint.

## "Jury Demand"

Defendants admit that Plaintiff is entitled to a jury trial on all claims so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Below, Defendants asserts affirmative and other defenses to which it does not concede that it bears either a burden of proof or persuasion:

1. Plaintiff's claims are barred to the extent that he has failed to state a claim upon which relief can be granted in Count I of the Complaint.

2. Plaintiff is not entitled to relief because any alleged acts or omissions by Defendant were in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rules, approval or interpretation, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or judicial orders and interpretations with respect to the class of employers to which Defendant belongs.

3. At all times relevant to this matter, Plaintiff was classified as non-exempt for purposes of the FLSA and was at all times paid appropriate wages for all hours he worked for Defendant Consolidated Credit.

4. Plaintiff's claims are barred in whole or in part to the extent Plaintiff seeks compensation in this action for anything other than compensable working time.

5. To the extent Plaintiff seeks overtime compensation for hours worked at or below 40 hours per week, such claims are barred.

6. Plaintiff's claims are barred or limited to the extent Defendant Consolidated Credit has paid or satisfied any overtime obligations or unpaid wages.

7. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

8. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants under the Fair Labor Standards Act, any recovery that Plaintiff may be entitled to as a result of this action must be offset or reduced by any overpayments made to Plaintiff by any amounts of compensation and benefits that Plaintiff would not have otherwise received but for any overtime work, and/or by any amounts of

compensation and benefits that Plaintiff received for work not performed or performed improperly.

9. Plaintiff's claims and the time for which Plaintiff seeks compensation under the Fair Labor Standards Act are *de minimis*. Accordingly, Plaintiff's claims are barred by the *de minimis* doctrine.

10. Plaintiff's claims are not properly before this Court because they are subject to a mandatory, binding arbitration agreement, which also prohibits multi-party and collective action claims.

11. Plaintiff is barred from seeking and pursuing a collective action under the terms of the applicable arbitration agreement of which he signed.

12. Defendant Dvorkin is not a proper party to this lawsuit because at all times relevant to this matter he had no operational or managerial control or responsibility over Defendant Consolidated Credit and did not hire/fire employees, control the work schedules of employees, or exercise control over the finances of Consolidated Credit and was/is, therefore, not an "employer" under the FLSA.

Defendants reserve the right to assert additional defenses that arise during discovery.

**DATED** this 3rd day of June, 2015.

                                        Respectfully submitted,

                                        OGLETREE, DEAKINS, NASH,
                                           SMOAK & STEWART, P.C.
                                        701 Brickell Avenue, Suite 1600
                                        Miami, Florida 33131-2813
                                        Telephone:  305.374.0506
                                        Facsimile:   305.374.0456

                                        */s/ Michael R. Tricarico*
                                        Michael R. Tricarico
                                          Florida Bar No. 0937071
                                          michael.tricarico@ogletreedeakins.com
                                        Kelly M. Peña
                                          Florida Bar No. 106575
                                          kelly.pena@ogletreedeakins.com

                                        *Counsel for Defendants, Consolidated Credit*
                                        *Counseling Services, Inc. and Howard Dvorkin*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 3, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                            */s/ Michael R. Tricarico*
                                            Michael R. Tricarico

## SERVICE LIST

United States District Court, Southern District of Florida
**Case No.: 15-CV-60793**
*Richard Budryk on behalf of himself and those similarly situated vs.
Consolidated Credit Counseling Services, Inc., a Florida Corporation and Howard Dvorkin*

Richard B. Celler, Esq.
 Florida Bar No. 0173370
 Richard@floridaovertimelawyer.com
CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: 866.344.9243
Facsimile:  954.337.2771

*Counsel for Plaintiff, Richard Budryk, on behalf of himself and those similarly situated*

Method of Service:  *CM/ECF*

Michael R. Tricarico
 Florida Bar No. 0937071
 michael.tricarico@ogletreedeakins.com
Kelly M. Peña
 Florida Bar No. 106575
 kelly.pena@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile:  305.374.0456

*Counsel for Defendants, Consolidated Credit Counseling Services, Inc. and Howard Dvorkin*

21398149.1